**Irina KARELINA, Petitioner,**

v.

**Alberto R. GONZALES, as Attorney General of the United States,\* Martin Ficke, as Special Agent–in–Charge of the New York District of the Bureau of Immigration and Customs Enforcement,\*\* U.S. Dept. of Justice, for review of a decision and order of the Board of Immigration Appeals Dated September 22, 2003, Respondents.**

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

\*\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Special Agent–in–Charge Mar-

No. 03–40773.

United States Court of Appeals,
Second Circuit.

June 6, 2005.

Lawrence Spivak, New York, NY, for Petitioner.

Lonnie F. Bryan, Assistant United States Attorney, District of Minnesota (Thomas B. Heffelfinger, United States Attorney, on the brief) Minneapolis, MN, for Respondents.

PRESENT: McLAUGHLIN, STRAUB, and HALL, Circuit Judges.

## SUMMARY ORDER

Irina Karelina ("Karelina"), a citizen of Uzbekistan and an ethnic Russian, entered the United States on May 31, 2000, on a non-immigrant visitor's visa. Karelina overstayed her visa and in January 2001 the INS issued a notice to appear and identified Karelina for removal. Karelina conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The principal bases for these applications were past incidents of persecution suffered by Karelina in Uzbekistan and fear of future persecution on account of her Russian ethnicity if she returns to Uzbekistan.

A hearing was conducted before Immigration Judge John Opaciuch ("IJ"). On October 29, 2001, the IJ issued a decision denying Karelina's asylum application, her application for withholding of removal, and her application for CAT relief. The IJ gave full credit to Karelina's testimony and based his decision on a finding that the incidents of abuse about which Karelina testified did not rise to the level of "persecution" under 8 U.S.C. § 1101(a)(42)(A) and 8 U.S.C. § 1231(b)(3)(A). He therefore denied her application for asylum based on past persecution. Given that Karelina's fear of future persecution was

tin Ficke is automatically substituted for former Interim Director Edward J. McElroy as a respondent in this case.

based almost exclusively on these past incidents, the IJ found further that Karelina's fear of future persecution, while subjectively valid, was not objectively reasonable.

Karelina timely appealed to the Board of Immigration Appeals on the merits of her petition and claiming that her counsel failed to perform adequately at the asylum hearing. In addition, she filed a motion to reopen her asylum hearing, principally seeking to introduce the testimony of her husband, who is in the United States, and for "consideration of evidence of additional persecution of her family subsequent to her removal order." This latter request apparently was in reference to a letter from her brother, who is in Uzbekistan, which Karelina attached to her motion.

The BIA affirmed summarily the IJ's decision and denied the motion to reopen. Karelina then filed the present petition, seeking review of her applications for asylum and withholding as well as appealing the BIA's denial of her motion to reopen. We assert jurisdiction under 8 U.S.C. § 1252(b), affirm, in part, and deny the petition for review.

In circumstances such as those present, where the BIA affirms an IJ's disposition of a petition for asylum or for withholding of removal without discussion, we review directly the IJ decision. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). We review the IJ's determination of facts relevant to whether Karelina has established past persecution or a well-founded fear of future persecution for substantial evidence, reversing "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). However, "when the situation presented is the [IJ's] application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing statutes, our review of the [IJ's] asylum and withholding of deportation determinations is *de novo.*" *Id.* (quotation omitted).

There is "no bright line between discrimination and persecution." *Bucur v. I.N.S.*, 109 F.3d 399, 403 (7th Cir.1997). While we recognize that "['persecution'] includes more than threats to life or freedom [and that] non-life-threatening violence and physical abuse also fall within this category," *Chen v. U.S. I.N.S.*, 359 F.3d 121, 128 (2d Cir.2004) (quotations omitted), we agree with the IJ that the treatment that Karelina reports to have suffered in Uzbekistan prior to her coming to the United States does not rise to the level of "persecution" under 8 U.S.C. § 1101(a)(42)(A). We further see no evidence on the record before the IJ that would have compelled a reasonable fact-finder to conclude that Karelina would suffer more severe treatment in the future. We therefore affirm as to the IJ's denial of Karelina's petition for asylum. Since she has failed to fulfill the more forgiving burdens of 8 U.S.C. § 1101(a)(42)(A), we further agree with the IJ that Karelina petition for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) must also fail. *See Chen*, 359 F.3d at 127.

During her appeal to the Board, Karelina moved to reopen her asylum hearing "for the taking of the testimony of her husband Leonid Karelin and the consideration of evidence of additional persecution of her family subsequent to her removal order." The Board declined to grant the motion, finding that Karelina "failed to provide reasons to believe that additional testimony will change the outcome of the Immigration Judge's decision and ... that she has failed to meet her burden of proof [on the motion]." We review denials of motions to reopen for abuse of discretion,

reversing only "where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. D.O.J.*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). We agree with the Board that the proposed testimony of Karelina's husband did little more than to recapitulate Karelina's own testimony, which was fully credited by the IJ. The Board's decision to deny the motion as to the admission of this testimony was neither arbitrary nor capricious.

We also find no abuse of discretion in the Board's denial of the motion as to evidence of additional attacks suffered by Karelina's family. That evidence came in the form of a letter from Karelina's brother, who lives in Uzbekistan, reporting a serious physical assault perpetrated upon him by Uzbek nationals during which specific threats of death were made against Karelina. Given that the foundation of the IJ's denial of the petition was his finding that Karelina will "[a]t most" face "discrimination" rather than persecution upon her return to Uzbekistan, evidence, such as that contained in the letter, was clearly relevant to the IJ's denial of the petition based on objective fear of future persecution. However, the Board was under no obligation to credit the letter. Even if the letter had been credited by the BIA we would find no abuse of discretion in its determination that Karelina failed to show that, had that evidence been available to the IJ, the outcome of the original asylum hearing would have been different.

We have reviewed Karelina's remaining arguments on this appeal and find each of them to be without merit. For the foregoing reasons the petition for review is DENIED and the Order of the Board of Immigration Appeals denying the motion to reopen is AFFIRMED.